**Original filed 6/14/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUZ ELENA PARRA-DE RODRIGUEZ,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | Case Number C 05-04279 JF<br><br>ORDER[1] DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[re: docket no. 1] |

　　　　On August 15, 2005, Luz Elena Parra-DeRodriguez ("Parra-DeRodriguez") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The claim originally was filed in the Southern District of Texas and was transferred to this Court on October 21, 2005 on ground of improper venue. Parra-DeRodriguez challenges the manner in which the Federal Bureau of Prisons ("BOP") has calculated her good time credits. She currently is incarcerated at the Federal Correctional Institution in Dublin, California for Conspiracy to Possess with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 846 and 841.

---

　　　　[1] This disposition is not designated for publication and may not be cited.

## I. DISCUSSION

Parra-DeRodriguez alleges that the BOP has misinterpreted 18 U.S.C. § 3624(b) in calculating her good time credits. Parra-DeRodriguez states that good time credits should be based on length of sentence imposed rather than time served. Respondent opposes the petition for writ of habeas corpus on the grounds that Parra-DeRodriguez has not exhausted her administrative remedies and that the BOP has calculated Parra-DeRodriguez's good conduct time properly.

**1. Administrative Remedies**

Before bringing a petition for writ of habeas corpus in federal court, a federal prisoner first must exhaust all federal administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). The Administrative Remedy Program addresses any issues that may arise out of the confinement of BOP prisoners. 28 C.F.R. § 542.10. Parra-DeRodriguez states in her petition that she "filed a BP-9 Request for Administrative remedy," in addition to a regional appeal and a national appeal and that she thus, has exhausted her administrative remedies. However, Respondent asserts that Parra-DeRodriguez has not sought any administrative remedies with the BOP. The BOP SENTRY records submitted by Respondent are comprehensive, and these records do not indicate that Parra-DeRodriguez has sought any administrative remedies. Parra-DeRodriguez does not dispute Respondent's showing in her traverse, but argues instead that the Ninth Circuit does not require her to exhaust her remedies. This argument is not supported by any case authority. Accordingly, it appears that the petition is not properly before the Court because it is unexhausted.

**2. Calculation of Good Time Credit**

Even if the Court were to reach the merits of the petition, it appears that the BOP's calculation is correct. Good time credits for federal prisoners are governed by 18 U.S.C. § 3624(b)(1), which provides as follows:

> a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of

imprisonment, beginning at the end of the first year of the term. The "term of imprisonment" for the final year is determined by prorating and determining the credit within the last six weeks of the sentence. *Id.* Parra-Rodriguez alleges that the "term of imprisonment" should correlate to the length of sentence imposed due to the plain meaning rule, the legislative history, the rule of lenity and the inapplicability of *Chevron* deference. However, the BOP argues that the "term of imprisonment" is based on the time that the prisoner *actually* serves. The BOP prorates the fifty-four days of credit a year earned by a prisoner to 0.148 days of credit for every actual day served during good behavior ($54/365 = 0.148$). The Ninth Circuit has confirmed that good time credits are calculated based on time served, not length of sentence imposed. *Mujahid v. Daniels*, 413 F.3d 991 (9th Cir. 2005); *Pacheco-Camacho v. Hood*, 272 F.3d 1266 (9th Cir. 2001). The Fifth Circuit, where Parra-Rodriguez's original writ of habeas corpus petition was filed, also has held that good time credits are based on time served. *Moreland v. Fed. Bureau of Prisons*, 431 F.3d 180, 182 (5th Cir. 2005).

It is anticipated that on October 22, 2006, Parra-DeRodriguez will have earned five years' worth of good time credit, which amounts to 270 days ($54 \times 5 = 270$). Because her full-term release date would be August 22, 2007, Parra-DeRodriguez's estimated date of release with the 270 days of good time credits is November 26, 2006. It appears that between October 22, 2006 and November 26, 2006 Parra-DeRodriguez may earn up to five additional days of good time credit. If she receives the additional credits, she will be eligible for release on November 21, 2006. This in fact is the date calculated by the BOP.

## II. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the petition for writ of habeas corpus be DENIED. The Clerk shall enter judgment and close the file.

DATED: June 13, 2006

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons

3  Luz Elena Parra-DeRodriguez
4  Federal Correctional Institution
5  5701 8th St Camp Parks
6  Dublin, CA 94568

7  Kevin V. Ryan
8  United States Attorney
9  150 Almaden Blvd., Suite 900
10  San Jose, CA 95113-2009

11
12  Joann M. Swanson
    Chief, Civil Division
13  150 Almaden Blvd., Suite 900
14  San Jose, CA 95113-2009

15
16  Chinhayi J. Coleman
    Assistant United States Attorney
17  150 Almaden Blvd., Suite 900
18  San Jose, CA 95113-2009

Case No. C 05-04729
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
(JFEX1)